**In re: Sale of Real Estate by
LACKAWANNA COUNTY
TAX CLAIM BUREAU.**

**Judicial Tax Sale Property Situated at:
221 Stephen Avenue, Scranton, PA.**

**Tax Map No. 15612–030–020.**

**Appeal of Nicole Pascal.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 2014.

Decided May 14, 2014.

Craig A. Hoenie, Pittston, for appellant.

Joseph A. O'Brien and Michael J. O'Brien, Clarks Summit, for appellee RRR Investments, LLC.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.[1]

Nicole Pascal (Pascal) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) dismissing her objections, exceptions and petition to set aside or void the judicial sale of her real property pursuant to the Real Estate Tax Sale Law (Law).[2] For the following reasons, we vacate the trial court's order and remand the case for an evidentiary hearing.

Pascal owned tax-delinquent real estate in Scranton, Pennsylvania, which was subject to a tax upset sale but did not sell.[3] Subsequently, a judicial sale was held at which RRR Investments, LLC purchased

---

**1.** This opinion was reassigned to the authoring judge on April 7, 2014.

**2.** Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

**3.** Section 610 of the Law enables a tax bureau to petition the court of common pleas to sub-

ject a property to a judicial sale when it does not sell at an upset tax sale. 72 P.S. § 5860.610. Section 610 directs that "[u]pon the presentation of such petition, ... the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold...." *Id.*

the property.[4] Pascal filed objections, exceptions and a petition to set aside or void the judicial sale, alleging that the Lackawanna County Tax Claim Bureau (Bureau) violated the Law's notice provisions because it failed to provide adequate notice of the upset sale [5] and to properly post the property [6] prior to the upset sale. She further alleged that the Bureau failed to provide adequate notice of the judicial sale because notice was served at an outdated address.[7]

The trial court did not hold a hearing but instead directed the parties to file briefs in support of and in opposition to Pascal's petition. Relying on the Bureau's brief and its exhibits, the trial court found that the Bureau complied with the notice provisions and it sustained the judicial sale and dismissed Pascal's petition. This appeal followed.

On appeal,[8] Pascal contends that the trial court's decision lacks supporting evidence because the trial court did not hold a hearing to enter evidence into the record but relied upon the parties' briefs. RRR Investments, LLC counters that a hearing was unnecessary because the parties' briefs contained undisputed facts establishing that the Bureau's upset tax and judicial

---

4. The property at a judicial sale is sold to the highest bidder "freed and cleared of all tax and municipal claims, mortgages, liens, charges and estates, except separately taxed ground rents." Section 612(a) of the Law, 72 P.S. § 5860.612(a).

5. Section 602 sets forth the notice requirements for upset tax sales:

   (a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

   \*     \*     \*

   (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

   (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

   (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

   (3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.
   72 P.S. § 5860.602(a), (e)(1)-(3).

6. Although the Law does not prescribe a particular method of posting, "the method chosen must be reasonable and likely to inform the public and the taxpayer of an intended real property sale." *Cruder v. Westmoreland County Tax Claim Bureau*, 861 A.2d 411, 416 (Pa.Cmwlth.2004).

7. Section 611 directs that service of the rule to show cause why the property should not be subjected to a judicial sale "shall be made in the same manner as writs of scire facias are served in this Commonwealth." 72 P.S. § 5860.611.

8. Our standard of review in a tax-sale case is limited to determining whether the trial court abused its discretion, rendered a decision lacking supporting evidence, or clearly erred as a matter of law. *Santarelli Real Estate, Inc. v. Tax Claim Bureau of Lackawanna County*, 867 A.2d 717, 721 (Pa.Cmwlth.2005).

sale complied with the Law's notice provisions.

Regardless of what was alleged in the parties' briefs, an evidentiary hearing was needed to establish facts of record. Because a hearing was not held, the only facts the trial court relied upon were those contained in briefs and exhibits. Because briefs are not "facts" and are not of record, they cannot serve as a basis for the trial court's decision. *Erie Indemnity Co. v. Coal Operators Casualty Co.*, 441 Pa. 261, 272 A.2d 465, 466–67 (1971) ("Apparently, the court took into consideration facts alleged in the briefs, but briefs are not part of the record, and the court may not consider facts not established by the record.") (footnotes omitted).

Accordingly, we vacate the trial court's order and remand the case for an evidentiary hearing.

### ORDER

AND NOW, this *14th* day of *May*, 2014, the order of the Court of Common Pleas of Lackawanna County dated July 23, 2013, is vacated and this case is remanded for an evidentiary hearing in accordance with the foregoing opinion.

Jurisdiction is relinquished.

DISSENTING OPINION BY Senior Judge COLINS.

I must respectfully dissent. The Trial Court did not hold an evidentiary hearing, because there were no contested facts. As indicated by the Trial Court, accepting everything alleged by Pascal, Pascal must lose as a matter of law.

On appeal to this Court, Pascal argues that she was denied an opportunity to litigate the factual issues raised by her objections, but points to no specific issue of fact upon which she believes the Trial Court erred. However, in her brief to the Trial Court, although she acknowledged that certified mail notice of the upset sale was sent and notice of sale was posted on the property, Pascal contended that the Bureau did not provide proof of mailing by first class mail, and that the posting on the front porch railing of the Property was inadequate to advise her, or the general public, of the upset tax sale. With regard to the judicial sale, in her brief to the Trial Court, Pascal does not dispute that service was made by the sheriff upon Pascal's mother, Yolande Francois, at 104 Walnut Street, Beach Haven, Pennsylvania; however, Pascal asserts that the personal service to her mother provided by the sheriff was not valid notice as required by law.[1] Pascal acquired sole title to the Property by virtue of a May, 2012 divorce settlement. The Walnut Street address is the same address certified as her address on the May, 2012 deed to the Property (Exhibit A to the Bureau's brief in opposition.) The trial court ruled that, assuming Ms. Francois could not speak English, service upon an adult female relative at the residence was sufficient.

The Trial Court found not only that the Bureau complied with the notice provisions,[2] but also found specifically that Pas-

---

1. In her brief to the Trial Court, Pascal stated that although she had lived with her mother at the Walnut Street address for a time, at some point prior to the upset tax sale, Pascal returned to the Stephen Avenue address; her mother's primary language is not English; and her mother did not inform Pascal of the notice.

2. Indeed, the Trial Court stated, as part of a section of its opinion titled "Factual Background," that the Bureau had in fact sent a notice of sale via United States first class mail, **with proof of mailing**, and referenced Exhibit H of the Bureau's brief in opposition, which includes Pascal's name and the address of the Property and bears the USPS mailing date stamp. (Opinion of the Trial Court at 2.)

cal had actual notice of the upset tax sale, as a result of her June, 2012 contact with the Bureau and agreement to make tax payments pursuant to a payment plan to stay the sale. That fact by itself bars Pascal's claim of insufficient notice of the upset tax sale, even if there was not full compliance with the notice requirements. *Cruder v. Westmoreland County Tax Claim Bureau*, 861 A.2d 411, 415 (Pa. Cmwlth.2004). In *Cruder*, this Court held that an agreement to resolve an outstanding balance demonstrated implied actual notice of an impending tax sale, rendering strict compliance with the statutory notice requirements waived. 861 A.2d at 415.

With regard to the judicial sale, the Trial Court found that the Bureau complied with the notice requirements, noting specifically that the petition and rule were personally served upon Pascal's mother at the address provided by Pascal.

The present appeal is dilatory, and I would affirm the trial court.