IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Tax Sale of September 8, 2014   :
        :
Michael Definis,       :
         Appellant   :   No. 1132 C.D. 2015
        :
        v.       :   Argued: March 7, 2016
        :
Wayne County Tax Claim Bureau,  :
Brian Delrio, and Anchor Real Estate  :
Group LLC       :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH          FILED:  March 31, 2016

      Michael Definis (Definis) appeals from the June 3, 2015 order of the Court of Common Pleas of Wayne County (trial court) denying his petition to set aside an upset tax sale.

      Definis was the owner of certain real property located in Paupack Township, Wayne County, and identified as Tax Map No. 19-0-0028-0134 (subject property).  Definis became delinquent with respect to his 2012 and 2013 real estate taxes on the subject property.  The Wayne County Tax Claim Bureau (Tax Claim Bureau) sent Definis a notice of return and claim, by registered mail, to his address of record, i.e., P.O. Box 23, Stirling, New Jersey 07980-0023.  (Reproduced

Record (R.R.) at 4a, 48a.) The United States (U.S.) Postal Service thereafter provided the Tax Claim Bureau with a delivery confirmation that included scanned images of the recipient's signature and a handwritten address of "PO 23." (R.R. at 45a.) After receiving no response from Definis, the Tax Claim Bureau sent Definis a notice of public tax sale, by certified mail, warning him that the subject property would be sold for an upset price of $6,857.08 due to delinquent taxes. The Tax Claim Bureau received a delivery confirmation that included scanned images of the recipient's signature, which was nearly indistinguishable from the signature on the prior delivery confirmation, and a handwritten address of "Box 23." Neither of the delivery confirmations included a printed name. (R.R. at 46a, 49a.)

Definis did not respond to this notice and the subject property was sold at an upset tax sale on September 8, 2014, to Anchor Real Estate Group, LLC. The Tax Claim Bureau sent Definis notice of the sale by certified letter dated September 23, 2014, but this letter was returned with the notation that it was refused. On November 21, 2014, Definis filed a petition to set aside the upset tax sale with the trial court. In this petition, Definis alleged that he never received notice of the tax sale and that the Tax Claim Bureau failed to comply with the notice requirements of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 – 5860.803. The Tax Claim Bureau filed an answer denying that it failed to comply with these notice requirements and averring in new matter that it received signed confirmation receipts for each of the notices described above and sent to Definis's registered address. Definis filed an answer to the new matter essentially denying that it was his signature on the certified mail signature cards. (R.R. at 3a-19a, 50a-51a.)

The trial court held a hearing on June 3, 2015. Definis testified that he was unaware of the September upset tax sale. Upon review of the signed delivery confirmations, Definis denied that it was his signature on the certified mail notices. He stated that he did not recognize the signature. Definis acknowledged that he is the only person that retrieves mail from his post office box. Definis then identified a copy of his passport, issued in 2007, which includes a more defined signature. On cross-examination, Definis confirmed that he had an address of P.O. Box 23 in Stirling, New Jersey, and that no one else picks up the mail at this post office box. (R.R. at 20a-28a.)

Cheryl Davies, the Director of the Tax Claim Bureau, identified the delivery confirmations that were forwarded by the U.S. Postal Service regarding both notices. Davies also identified the September 23, 2014 letter advising Definis of the tax sale that was returned and marked refused. Davies testified that the notices and the letter were sent to Definis at his registered address of P.O. Box 23, Stirling, New Jersey. Davies stated that Definis was previously delinquent in 2011, that he was sent a notice by certified mail, and that the U.S. Postal Service provided the Tax Claim Bureau with a delivery confirmation. Davies then identified this delivery confirmation and noted that the signature therein appeared similar to the signatures currently at issue. She noted that Definis responded by paying the delinquent taxes at that time and his envelope included a return address of P.O. Box 23, Stirling, New Jersey. (R.R. at 29a-34a.)

On cross-examination, Davies agreed that the signatures on these delivery confirmations did not match the signature on Definis's passport. (R.R. at 34a.) Davies conceded that the signatures appeared to be "scribble," but looked like the letter "M." *Id.* When asked if the Tax Claim Bureau had a duty to make

3

further reasonable efforts to ensure a property owner is notified of a tax sale where there is a significant doubt as to actual receipt of the notification by the addressee, Davies stated that they have to rely on the post office to ensure that delivery is made to the right person and that the notices at issue were returned with a signature. On re-direct examination, Davies testified that the Tax Claim Bureau did not make any further efforts because it believed that P.O. Box 23 was the proper address based on the returns over the years. (R.R. at 35a.)

Brian Delrio testified that he was the current owner of the subject property and that he has invested approximately $25,000.00 in dues and fees as well as improvements to the property. On cross-examination, Delrio stated that Anchor Real Estate Group, LLC, is the owner of the property and that he is the sole owner of the company. Delrio confirmed that he worked for a real estate agency that previously listed the subject property for sale, but noted that he learned of the tax sale via a website set up by Wayne County. Delrio denied that there was any conflict between his duties as an agent in the real estate office and as a potential buyer, explaining that the subject property was not listed with him but with his broker and that he only had access to public information regarding this property. Delrio acknowledged that he called Definis after the upset sale when he noticed certain belongings in the home that was under construction on the subject property. (R.R. at 35a-43a.)

By order of the same date, the trial court denied Definis's petition to set aside the upset tax sale. Definis filed a notice of appeal with the trial court, followed by a concise statement of matters complained of on appeal. Definis alleged that the trial court erred in finding that the Tax Claim Bureau complied with the notice provision of section 607.1(a) of the Tax Sale Law, added by

4

Section 30 of the Act of July 3, 1986, *as amended*, 72 P.S. §5860.607a(a), in light of the illegible signature on the delivery confirmations. (R.R. at 54a-58a.)

The trial court thereafter issued an opinion in support of its order noting that section 607.1 only requires the Tax Claim Bureau to exercise additional reasonable efforts when there are "circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee . . . ." 72 P.S. §5860.607a(a). The trial court found no such circumstances here, noting that the notifications were returned with signatures and that the signatures were similar to Definis's signature on a prior certified mail notice. In other words, the trial court stated that the alleged illegible signatures did not create significant doubt herein because the Tax Claim Bureau had reason to believe that the signature was made by Definis. The trial court also noted that the notice in the prior case, to which Definis responded, and the notices in this case, were sent to the same post office box that only Definis checked. (R.R. at 59a-63a.)

On appeal to this Court,[1] Definis reiterates his argument that upon receipt of the delivery confirmations containing illegible signatures, the Tax Claim Bureau was required, in accordance with section 607.1(a) of the Tax Sale Law, to engage in further reasonable efforts to locate him. We disagree.

Section 602 of the Tax Sale Law, 72 P.S. §5860.602, requires a tax claim bureau to provide three separate methods of notice: (1) publication at least thirty days prior to the sale; (2) notification by certified mail at least thirty days prior to the sale; and (3) posting of the property at least ten days prior to the sale.

---

[1] "Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law." *777 L.L.P. v. Luzerne County Tax Claim Bureau*, 111 A.3d 292, 296 (Pa. Cmwlth. 2015) (citation omitted).

5

These notice provisions are to be strictly construed to guard against deprivation of property without due process, and if any one method of notice is defective, the sale is void. *Difenderfer v. Carbon County Tax Claim Bureau*, 789 A.2d 366, 368 (Pa. Cmwlth. 2001); *Hunter v. Washington County Tax Bureau*, 729 A.2d 142, 143 (Pa. Cmwlth. 1999). The burden of proving compliance with all applicable notice provisions is placed on the taxing authority. *McElvenny v. Bucks County Tax Claim Bureau*, 804 A.2d 719, 721 (Pa. Cmwlth. 2002).

Section 607.1(a) imposes an additional burden on a tax claim bureau with respect to notice in certain circumstances, stating as follows:

> When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or **under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee** or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

72 P.S. §5860.607a(a) (emphasis added).

This Court recently considered a similar issue in *FS Partners v. York County Tax Claim Bureau*, ___ A.3d ___ (Pa. Cmwlth., No. 1109 C.D. 2015, filed January 7, 2016). In that case, FS Partners was a Pennsylvania general partnership consisting of two partners, Jerry T. Stahlman, a professional engineer, and Fitz & Smith, Inc., an excavating and paving company which is represented by Timothy Smith. FS Partners was the owner of approximately twenty acres of unoccupied, wooded land in North Codorus Township, York County. FS Partners's principal place of business was 139 East Market Street, York, Pennsylvania, which is also Stahlman's business address. Stahlman handled all of the paperwork and bills for FS Partners, including its real estate tax bills.

FS Partners failed to pay its 2012 taxes on the property described above. Stahlman was aware of the unpaid taxes and did not intend to pay the same until a notice of tax sale was received. The York County Tax Claim Bureau sent a notice of tax sale to FS Partners at its registered address and received a certified mail receipt from the U.S. Postal Service containing a signature. The signature was done on an electronic signature pad and was very poor quality, but appeared to be similar to Stahlman's signature on other documents in the tax claim bureau's file. The property was thereafter sold at an upset tax sale.

FS Partners filed a petition to set aside the tax sale, later amended to objections and exceptions to the tax sale, challenging the sufficiency of the notice under the Tax Sale Law, including the signature on the certified mail receipt. Stahlman testified via deposition that he never saw the notice of tax sale, but admitted to receiving a subsequent notice at the same address advising that the property had been sold. Stahlman also testified that the printed name on the

7

certified mail receipt was not written in the manner he prints his name and that he could not verify, nor did he recognize, the signature on this receipt. A handwriting expert whose affidavit was submitted by FS Partners concluded that she could not determine whether or not the certified mail receipt was signed by Stahlman because of the poor quality of the signature and the insufficiency of samples provided by him.

The common pleas court ultimately overruled the objections and exceptions and confirmed the sale of the property. FS Partners appealed to this Court, again challenging the signature. However, we affirmed the common pleas court's decision, holding that while the tax claim bureau had to strictly comply with the notice requirements of the Tax Sale Law, these notice provisions do not "require proof that the property owner actually signed the certified mail receipt or actually received the notice. Rather, the tax claim bureau must only show that it sent all required notices to the property owner or owners, not that the owner or owners actually received the notice of tax sale." *Id.*, slip op. at 7. We noted that section 602(h) of the Tax Sale Law provides that "[n]o sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section." 72 P.S. §5860.602(h).

We concluded in *FS Partners* that the tax claim bureau fully complied with the notice requirements of the Tax Sale Law because the notice was sent to FS Partners at the correct address more than thirty days prior to the sale and a signed receipt evidencing delivery was obtained. Additionally, we stated that the evidence established, and the common pleas court found, that the signature appeared to be Stahlman's signature. We noted prior case law holding that the

8

signature on the return receipt of a name other than that of the owner or an individual authorized to sign for the owner was insufficient, but specifically rejected FS Partners's argument that the tax claim bureau was required to establish that Stahlman "was the person who actually received and signed the certified mail receipt." *Id.*, slip op. at 9.

Similarly here, there is no dispute that the notice of the sale was sent to Definis more than thirty days prior to the upset sale at the address he provided to the Tax Claim Bureau, and which address was included on a previous year's notice to which Definis responded. Additionally, Definis confirmed before the trial court that his address was P.O. Box 23, Stirling, New Jersey, and that no one else picks up the mail at this post office box. Further, the evidence established, and the trial court found, that Definis's signature on the delivery confirmations matched his signature on other documents in the Tax Claim Bureau's file. Consistent with *FS Partners*, we must conclude that the Tax Claim Bureau complied with the notice requirements of the Tax Sale Law and the trial court did not err in denying Definis's petition to set aside the upset tax sale.

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Sale of September 8, 2014  :
:
Michael Definis,                 :
                Appellant    :   No. 1132 C.D. 2015
:
           v.           :
:
Wayne County Tax Claim Bureau,  :
Brian Delrio, and Anchor Real     :
Estate Group LLC           :

## *ORDER*

AND NOW, this 31st day of March, 2016, the order of the Court of Common Pleas of Wayne County, dated June 3, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge