# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:                                          :
Amended Petition of the Tax Claim               :
Bureau of Washington County                     :
To Conduct Judicial Sale of                     :
Enumerated Properties Pursuant                  :
To Sections 612 and 612.1 Of The                :
Pennsylvania Real Estate Tax Sale               :
Law                                             :
                                                :
Washington County Tax Claim                     :
Bureau.  In Re:  Sale of Real Estate            :
Parcel No. 500-006-00-03-0007-00                :
                                                :
            v.                                  :   No. 1083 C.D. 2014
                                                :   Submitted:  October 14, 2016
Rebecca L. Miller, an adult                     :
individual, and Carl F. Miller, Jr.,            :
                    Appellants                   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI                         FILED: November 16, 2016


          Rebecca L. Miller and Carl F. Miller, Jr. (together, Millers)[1] petition, *pro se*, for review of the final order of the Court of Common Pleas of Washington County (trial court) dismissing with prejudice their Petition to Disapprove the Repository

---

[1] While the property in question was owned by both Rebecca L. Miller and her brother Carl F. Miller, Jr., only Rebecca L. Miller's signature appears in this petition for review and she has consistently affirmed and reaffirmed that her brother is not a party in this petition nor was he a party in the matters below.  However, because both of the Millers are co-owners to the property in jeopardy in this matter, when appropriate, we will refer to them in the collective.

Sale and/or Vacate Judicial Sale and upholding the sale of repository property held by the Washington County Tax Claim Bureau (Bureau) to Wil Sanders (Sanders), trading and doing business through LotsOfRealty.com.

## I.

## A.

The Millers owned real estate property located in Washington County at 542 Highland Avenue in North Charleroi, Pennsylvania (Property), for which they failed to pay real estate taxes on from 2005 to 2012. In both 2010 and 2011, the Bureau notified the Millers that the Property was to be exposed to an upset sale under the Real Estate Tax Sale Law (Law).[2] However, neither upset sale ever took place because the Millers notified the Bureau that they filed for Chapter 13 bankruptcy with the United States District Court for the Western District of Pennsylvania (District Court) automatically staying the sale.[3]

On July 19, 2012, the Property was again posted for an upset tax sale scheduled on September 25, 2012 (2012 Upset Sale).[4] Notice of the 2012 Upset Sale was also sent to two separate P.O. Box addresses registered for the Millers after which Carl F. Miller, Jr. returned his notice with signature but Rebecca L. Miller's

---

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

[3] The District Court eventually dismissed these bankruptcy actions because the Millers did not provide necessary documentation.

[4] On the same day, the Washington County Recorder of Deeds signed a Washington County Tax Claim Bureau Affidavit for Posting Premises stating that on July 19, 2012, the undersigned authority personally appeared and posted an original Notice of Tax Sale on the Property.

notice was returned unsigned. Notice was not, however, sent to the Property's mailing address.

On September 20, 2012, Rebecca Miller filed her third Chapter 13 bankruptcy action with the District Court. Unlike the past two years, she did not notify the Bureau, most likely because it was dismissed, lifting the automatic stay placed on the 2012 Upset Sale of the Property.[5] On September 25, 2012, the Property was subjected to an upset sale. On October 25, 2012, post-2012 Upset Sale notices were sent to the Millers' P.O. Box addresses and thereupon returned to the Bureau signed by both of the Millers.

As provided for in Section 610 of the Law, 72 P.S. § 5860.610, the Bureau then filed a Petition to Conduct Judicial Sale to the trial court for numerous properties, including the Property. The trial court issued an original[6] and then amended rule to show cause why the Property should not be sold at judicial sale (Rule), with a returnable date of June 4, 2013. On the return date, the trial court ordered that the Property be sold at a judicial sale scheduled for June 24, 2013.

Notice was sent to the Millers, individually, at their respective P.O. Box addresses, but neither notice was returned with either of their signatures. The record does not demonstrate that notice was posted on the Property itself or sent to the Property by the Sheriff through certified mail. Moreover, on June 6, 2013, the Sheriff

---

[5] The matter was closed on October 9, 2012.

[6] The trial court issued the original Rule to Show Cause on February 13, 2013, which, through an Amended Rule to Show Cause filed on March 11, 2013, changed the returned date.

of Washington County recorded with the Prothonotary of Washington County a Certification of Service or Rule certifying completion of service of the Rule, but that certification did not list either of the Millers receiving notice of the judicial sale of the Property.

On June 24, 2013, the Property was subjected to a judicial sale[7] but no bids were received and the Property was not sold. After the judicial sale, the Property was placed in the Washington County repository.[8] On July 11, 2013, the Property was purchased by Sanders, trading and doing business through LotsOfRealty.com. The Millers were not provided notice of this repository sale.

**B.**

On October 8, 2013, the Millers filed a Petition to Disapprove the Repository Sale and/or Vacate Judicial Sale in which they contended that they never received any notice of a judicial sale or repository sale of the Property.[9] They further alleged that they only became aware that the Property had been sold after Sanders came to the Property and handed Rebecca L. Miller a paper informing her that he purchased the Property from the Bureau on June 24, 2013, and that she was to vacate

---

[7] The property at a judicial sale is sold to the highest bidder "freed and cleared of all tax and municipal claims, mortgages, liens, charges and estates, except separately taxed ground rents." Section 612(a) of the Law, 72 P.S. § 5860.612(a).

[8] Pursuant to Section 626 of the Law, 72 P.S. § 5860.626, as a result of not being sold at a previous judicial sale, unsold property is placed in a special category termed "repository for unsold properties." Pursuant to Section 627 of the Law, *id.* at § 5860.627, the Bureau "may accept an offer of any price for property placed in the 'repository for unsold properties' without court approval and published notice of sale."

[9] Both Rebecca L. Miller and Carl F. Miller, Jr. signed the October 8, 2013 Petition.

4

the premises. On October 11, 2013, the trial court issued a Rule to the Millers to provide all "necessary documentary evidence, including notices, bankruptcy papers and receipts at the time of the hearing to support their claim for relief." (Trial Court Order dated October 11, 2013.) It also required them to serve all parties of interest. On December 11, 2013, the Millers filed an Amended[10] Answer to the Rule to Show Cause.[11]

On February 14, 2014, the trial court held a hearing which apparently was not transcribed by a court reporter.[12] On the same day, the trial court issued an order stating, in pertinent part:

> [U]pon Joint Motion of Rebecca Miller, [Sanders] and the Washington County Tax Claim Bureau an evidentiary hearing is scheduled for April 22, 2014 further ordering Rebecca Miller to effectuate service of her pleadings on her brother, Carl Miller, because he was a co-owner of the Property and also purportedly signed the original petitions.
>
> Petitioner, Rebecca Miller, shall effectuate service of these pleadings and a copy of this Rule upon her brother, Carl F.

---

[10] The Millers' original Answer was filed on December 9, 2013. Unlike the Petition to Disapprove, only Rebecca L. Miller provided her signature to this original Answer. It should further be noted that in all subsequent filings by the Millers, Rebecca L. Miller was the only party to provide a signature.

[11] The Millers also filed a Supplement to their Amended Answer on December 12, 2013.

[12] By Order dated July 20, 2015, upon consideration of Rebecca L. Miller's Request for Transcript and after review of the transcript for an April 22, 2014 hearing before the trial court, we directed the Millers to file a Request for Transcript with the trial court. On August 4, 2015, the trial court issued an order denying the Millers' request and explaining that there appeared to be "no record" of the February 14, 2014 proceedings. A review of the record indicates that the correct date of the proceeding may have been January 31, 2014, presumably for a determination on the Rule.

Miller, Jr. forthwith and shall file proof of service with the Prothonotary and provide all other parties with Mr. Miller's correct mailing address or else suffer sanctions which may include dismissal of the Petition.

(Trial Court Order dated February 14, 2014.)

On April 17, 2014, the Millers filed a "Response to the Order of Court Dated February 14, 2014 and Request for Ruling on Petition to Disapprove Repository Sale and/or Vacate Judicial Sale" denying that Rebecca L. Miller was either aware of or joined the purported "Joint" Motion, and further explaining that she did not know the whereabouts of Carl F. Miller, Jr. and that it was impossible for her to locate or serve him. Regarding the evidentiary hearing:

Miller states that the facts contained in the record in this case are clear and unambiguous, and that the record in the Bureau itself shows that the Bureau failed to properly serve actual notice of an impending sale upon all owners of the subject property as required by the Law. As such, and as previously stated and requested, this case can be decided on the facts contained in the record. Further, Miller states that she has no additional testimony to offer which would [affect] the outcome of this matter, and as such, she sees no legitimate purpose in incurring additional time and expense going through the motion of yet another hearing on April 22, 2014.

(Miller's Response to the Trial Court Order at 7.)

On April 22, 2014, the trial court held the evidentiary hearing, which neither of the Millers attended. At this hearing, the Bureau offered the testimony of Onilee Gray (Gray), operations and finance manager for the Bureau, who explained

6

that the Property had delinquent taxes from 2005 to 2012 and that in the two years preceding the 2012 Upset Sale, the Millers successfully thwarted the Bureau's attempts to sell the Property by filing for Chapter 13 bankruptcy in federal court. Gray stated that although the Millers did not receive service prior to the 2012 Upset Sale, they both received and acknowledged post-2012 Upset Sale notices and did not file any pleadings or exceptions. Gray explained that because there were no bidders for the Property at the June 24, 2013 judicial sale, the Bureau placed the property in repository and eventually sold it to Sanders. Gray indicated that the Millers did not receive service for the judicial or repository tax sale because "being that you can't personally serve a P.O. Box, they were not served." (N.T. 04/22/14 at 9.)

## C.

On May 29, 2014, the trial court issued an Order dismissing the matter with prejudice because the Millers failed to appear at the April 22, 2014 evidentiary hearing and because Rebecca L. Miller did not comply with the trial court's February 14, 2014 Order requiring her to effectuate service on or provide the current address for Carl F. Miller, Jr. Rebecca L. Miller then filed a notice of appeal. In response to the trial court's order to submit a Concise Statement of Errors Complained of on Appeal (Concise Statement), Miller submitted a Concise Statement that was roughly nine pages in length, initially explaining that:

> [b]ecause she has been deprived of the official transcripts in this case, especially those transcripts of the April 22, 2014 hearing conducted in her absence, and those (if any) of all other proceedings that may have taken place in her absence or presence, she is further constrained and prejudiced in preparing her 1925(b) statement . . . . Accordingly, in Miller's statement, she attempts to identify as best she can and in general terms, the complained of errors that occurred

7

during the proceedings, as well as those she avers are contained in the trial court's May 29, 2014 order.

(Miller's Concise Statement of Errors Complained of on Appeal at 2-3.)

Miller's Concise Statement then asserted that the trial court erred when issuing the order requiring her to serve or provide the whereabouts of her brother because, as she explained on numerous occasions, such information was unknown and undiscoverable. Miller further asserted that it was unnecessary for her to attend the evidentiary hearing because the undisputed facts demonstrated that neither of the Property owners received notice of the judicial and repository sale, making the repository sale of the Property void *ab initio*. Miller's Concise Statement also asserted that the trial court erred when issuing the June 4, 2013 Order permitting the judicial sale of the Property based on unverified averments in violation of Rule 206.3 of the Pennsylvania Rules of Civil Procedure. She also asserted that the trial court erred when stating that she failed to pay the appropriate filing fee because she was not obliged to pay such a fee in response to the Bureau's pleading.

In its 1925(a) Opinion, the trial court found that Miller waived all issues on appeal because her Concise Statement was not concise enough and because the arguments were overly vague, redundant and frivolous. It then stated that even if it were to analyze the errors raised in Miller's Concise Statement, it did not err when requiring her to serve or provide the address of her brother because Rule 440 of the Pennsylvania Rules of Civil Procedure requires service on every other party which includes Carl F. Miller, Jr., her brother. The trial court also explained that its June 4, 2013 Order was not issued pursuant to unverified averments in violation of Rule 206.3 of the Pennsylvania Rules of Civil Procedure because attached to the Petition to

8

Conduct Judicial Sale was an affidavit from the Director of the Bureau attesting to its accuracy. The trial court did not address her argument that she was entitled to the notice of the judicial sale. Rebecca Miller then filed this appeal.[13]

## II.

On appeal,[14] Miller reasserts each of the issues she raised in her Concise Statement. Specifically, she contends that the trial court erred when dismissing her Petition for failure to attend the hearing, failure to give notice to her brother and other procedural defects, as well as the main issue in this case, and that the trial court erred when not setting aside the repository sale of the Property because neither she nor her brother were provided with proper notice for the judicial sale of the Property in violation of the Law. In responding to those claims, the Bureau and Sanders do not make any serious argument as to why the trial court properly dismissed the case for failure to attend the evidentiary hearing or Miller's failure to give notice to her brother,[15] nor do they challenge Miller's contention that she was not served with

---

[13] Our standard of review in a tax-sale case is limited to determining whether the trial court abused its discretion, rendered a decision lacking supporting evidence, or clearly erred as a matter of law. *Santarelli Real Estate, Inc. v. Tax Claim Bureau of Lackawanna County*, 867 A.2d 717, 721 (Pa. Cmwlth. 2005).

[14] As a preliminary matter, we note that the issue of waiver based upon a purported violation of Rule 1925(b) is expressly reserved to the appellate courts and not to the trial courts. *See* Pa. R.A.P. 1925(b); *also Commonwealth v. Donahue*, 630 A.2d 1238, 1242-43 (Pa. Super. 1993). In any event, Rebecca L. Miller did not waive all issues on appeal because, while her Concise Statement could have been more concise, it adequately set forth the reasons why she could not readily discern the basis for the trial court's decision, Pa. R.A.P. 1925(b)(4)(vi), and then described all issues complained of on appeal so as to permit meaningful appellate review. *See Wyland v. West Shore School District*, 52 A.3d 572 (Pa. Cmwlth. 2012).

[15] This may be because, even if this was a valid reason to dismiss her Petition, it would require an additional hearing on whether Rebecca L. Miller did not know where her brother was and **(Footnote continued on next page…)**

9

notice for the judicial sale.  Instead, they contend that the repository sale should not be set aside because the Millers had constructive or actual notice of the sale because they both acknowledged the post-2012 Upset Sale notice and should have been aware that the Property was going to be subject to judicial sale.

Judicial sales of tax delinquent property are governed by Section 610 of the Law, 72 P.S. § 5860.610.  It provides that:

> In cases where the upset price shall not be bid at any such sale, the sale shall be continued, but not beyond the end of the calendar year, without further advertising, and the bureau may, at any time during or after the continuance, and shall, immediately at the written direction of a taxing district, file its petition in the court of common pleas of the county to sell the property under sections 612 and 612.1.[16] The bureau shall set forth on the petition (1) the tax claim upon which the property was exposed for sale, (2) that neither the owner, his heirs or legal representatives or any lien creditor, his heirs, assigns or legal representatives or other person interested has caused stay of sale, discharge of tax claim or removal from sale, (3) that the property was exposed to public sale and the date of such sale, (4) that before exposing the property to public sale the bureau fixed an upset price, as herein provided, and (5) that it was unable to obtain a bid sufficient to pay said upset price.  Upon the presentation of such petition, accompanied with searches, showing the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages, ground rents, charges and estates against the same, **the**

_____

**(continued…)**

there is "no record" of the underlying hearing that prompted the February 14, 2014 Order requiring her to serve her brother.

[16] *Added by* the Act of May 20, 1949, P.L. 1579, *as amended*.

**court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents.** The rule shall be made returnable in not more than thirty (30) days from the date the petition was presented or as otherwise determined by the court.

*Id.* (emphasis added) (footnote added).

We have held that under this provision, the former owner is a party of interest that must be served. *See Rivera v. Carbon County Tax Claim Bureau*, 857 A.2d 208, 213-16 (Pa. Cmwlth. 2004); *also Montgomery County Tax Claim Bureau v. Mermelstein Family Trust*, 836 A.2d 1010 (Pa. Cmwlth. 2003); *Bell v. Berks County Tax Claim Bureau*, 832 A.2d 587 (Pa. Cmwlth. 2003). We arrived at that conclusion because "owner" is defined by the Law as "the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording. . . ." Section 102 of the Law, 72 P.S. § 5860.102.

In this case, the Millers, as the record owners of the Property, were entitled to notice. While the Millers were provided with proper notice prior to the 2012 Upset Sale through posting of the Property and by Carl F. Miller, Jr.'s receipt of the actual notice of the sale, Section 607(g) of the Law, 72 P.S. § 5860.607(g), requires that the Millers be served with notice regarding the judicial sale of the Property. The record clearly demonstrates they were not. Consequently, because strict compliance with the notice provisions of the Law is required, which the Bureau

11

did not adhere to when selling the Property, the repository sale of the Property must be deemed void *ab initio*.

Accordingly, because the Bureau failed to provide the Millers, as "owners," with notice of the judicial sale of the Property, we vacate the trial court's order and remand for further proceedings consistent with this decision.[17]

_____
DAN PELLEGRINI, Senior Judge

---

[17] Because of the manner in which we resolve this matter, we do not reach the remainder of the issues raised on appeal by the Millers and we deny Rebecca L. Miller's Motion for Extension of Time to File Reply Brief to Appellee Tax Claim Bureau's Brief received on October 4, 2016.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:                                           :
Amended Petition of the Tax Claim               :
Bureau of Washington County                     :
To Conduct Judicial Sale of                     :
Enumerated Properties Pursuant                  :
To Sections 612 and 612.1 Of The                :
Pennsylvania Real Estate Tax Sale               :
Law                                             :
                                                :
Washington County Tax Claim                     :
Bureau.  In Re:  Sale of Real Estate            :
Parcel No. 500-006-00-03-0007-00                :
                                                :
                  v.                            :   No. 1083 C.D. 2014
                                                :
Rebecca L. Miller, an adult                     :
individual, and Carl F. Miller, Jr.,            :
                         Appellants             :


# O R D E R


AND NOW, this 16<u>th</u> day of <u>November</u>, 2016, it is hereby ordered that the Court of Common Pleas of Washington County's order dated June 3, 2014, is vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.  Rebecca L. Miller's Motion for Extension of Time to File Reply Brief to Appellee Tax Claim Bureau's Brief received on October 4, 2016, is denied.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge