IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Public Sale of Properties  :
Pursuant to Section 605 of the  :
Real Estate Tax Law  :
(Tax Parcel 49-08-01009-00)  :
 :
Barbara Ann Moore, Executrix  :
under the Will of Alberta Hertzler,  :
aka Alberta Coles Dennis Hertzler,  :
aka Alberta B. Dennis, Deceased,  :
                Appellant  :
 :
      v.  :  No. 744 C.D. 2019
 :
Delaware County Tax Claim Bureau  :
and Inez Williams  :  Submitted: February 10, 2023

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                          FILED: May 17, 2023

      Barbara Ann Moore (Moore) appeals the May 16, 2019 order of the Court of Common Pleas of Delaware County (trial court) denying Moore's Petition to Set Aside the Upset Tax Sale of September 13, 2018 (Petition), which disposed of real property located at 714 Lloyd Street, Chester, Delaware County, Pennsylvania (Lloyd Street Property). Moore argues on appeal that the Delaware County (County) Tax Claim Bureau (Bureau) failed to provide notice of the September 13, 2018 upset tax sale to the Lloyd Street Property's record owner and that Inez Williams (Williams), the individual who purchased the Lloyd Street Property at tax sale, was

barred from bidding thereon as a delinquent taxpayer, pursuant to 619.1(a) of the Real Estate Tax Sale Law (RETSL).[1]  After review, we affirm.

## I.  Background

The underlying facts of this matter are largely undisputed.  Moore inherited the Lloyd Street Property following the death of her mother, Alberta Dennis (Decedent), on June 5, 2017.  Original Record (O.R.), Item No. 22, trial ct. op. at 2.  Due to delinquent real estate taxes assessed on the Lloyd Street Property for 2016 and 2017, the Lloyd Street Property was exposed to an upset tax sale on September 13, 2018, at which Williams was the successful bidder.  O.R., Item No. 22, trial ct. op. at 2-3.

Moore filed the Petition on November 20, 2018, alleging that the Bureau failed to "mail or otherwise attempt to contact" Decedent, who was still the record owner of the Lloyd Street Property, or to investigate Decedent's status or whereabouts.  O.R., Item No. 1, Petition, ¶¶ 10-12.  Moore also alleged that Williams was the record owner of real property located at 1502 Perkins Street, Chester, Pennsylvania (Perkins Street Property), for which Williams was delinquent in the payment of real estate taxes.  *Id.*, ¶ 14.  As such, Moore requested that the trial court set aside the September 13, 2018 sale of the Lloyd Street Property to Williams.  *Id.* at 4.  Williams filed an answer in which she stated that all taxes for the Perkins Street Property had been paid and that no delinquent real estate taxes were owed.  O.R., Item No. 4, ¶ 14.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, added by the Act of December 21, 1998, P.L. 1008, 72 P.S. § 5860.619a(a).  Section 619.1(a) provides that, within 20 days following a tax sale, the successful bidder "shall . . . provide certification to the [B]ureau that the person is not delinquent in paying real estate taxes to any of the taxing districts where the property is located[.]"

The trial court held an evidentiary hearing on April 15, 2019. Moore presented the testimony of Jeanine Heinlein (Heinlein), the Bureau's upset sales coordinator. O.R., Item No. 12. Heinlein testified that the Bureau mailed notices of the September 13, 2018 upset tax sale by certified mail to Sam Dennis and to "Albert A Dennis" at the Lloyd Street Property.[2] Notes of Testimony (N.T.), 4/15/19, at 11-12. Moore signed the return receipts for both notices. *Id.* at 11. Heinlein acknowledged that the Bureau did not mail an upset tax sale notice to "Alberta B. Dennis." *Id.* at 18. Removing the space between the name "Albert" and the letter "A," however, would reflect the correct spelling of Decedent's first name. *Id.* at 20. The County Sheriff posted notice of the upset tax sale on the Lloyd Street Property on November 19, 2017. *Id.* at 21. Heinlein also testified that Moore contacted her on July 30, 2018, to notify the Bureau that her parents were deceased and that she intended to pay the delinquent taxes on the Lloyd Street Property before September 12, 2018, to avoid the upset tax sale. *Id.* at 18, 22-23. Regarding Williams, Heinlein testified that she was not delinquent in paying taxes on the Perkins Street Property. *Id.* at 13.

Moore testified that no one by the name of "Albert Dennis" was associated with the Lloyd Street Property. *Id.* at 26. Moore advised that she does not remember speaking with anyone at the Bureau about the delinquent taxes owed on the Lloyd Street Property. *Id.* at 27.

Williams testified on her own behalf as the successful bidder of the Lloyd Street Property. Williams agreed that she acquired the Perkins Street Property by judicial sale in May 13, 2018, and that she paid the full amount of her bid price the next day. *Id.* at 29-30. Williams understood that the Bureau would satisfy the

---

[2] Sam Dennis, Decedent's husband and Moore's father, predeceased Decedent on April 25, 1968. O.R., Item No. 1, Petition, ¶ 7.

3

delinquent taxes owed on the Perkins Street Property from her May 14, 2018 payment. *Id.* at 30. She sold the Perkins Street Property approximately five months later, in October 2018. *Id.*

The trial court denied the Petition by order dated May 16, 2019. O.R., Item No. 13. The trial court rejected Moore's argument that the sale of the Lloyd Street Property should be invalidated because notice of the sale was addressed to "Albert A Dennis." O.R., Item No. 22, trial ct. op. at 7. The trial court noted that notices of the scheduled upset tax sale were correctly mailed to the Lloyd Street Property, and that Decedent's first name was correctly spelled if one removed the space between "Albert" and the subsequent letter "A" on one of the Bureau's notices. *Id.* Notice of the upset tax sale was posted on the Lloyd Street Property on November 19, 2017, and Moore, the executrix of Decedent's estate and equitable owner of the Lloyd Street Property, signed the return receipts attached to the upset tax sale notices. *Id.* Additionally, the trial court accepted Heinlein's testimony that Moore contacted her on July 30, 2018, and indicated that she would pay the delinquent real estate taxes prior to September 12, 2018, to prevent the upset tax sale. *Id.* Therefore, the "evidence overwhelmingly" demonstrated that Moore had notice of the outstanding taxes on the Lloyd Street Property and the September 13, 2018 upset tax sale date. Moreover, the trial court credited the testimony of Heinlein and Williams that Williams did not owe any delinquent taxes on the Perkins Street Property. *Id.* at 8. Accordingly, the trial court concluded that the upset tax sale of the Lloyd Street Property was valid and Moore's arguments to the contrary were "without merit." *Id.* at 6. This appeal followed.[3]

---

[3] This Court's review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision that lacked supporting evidence, or clearly erred as **(Footnote continued on next page…)**

## II. Issues

On appeal, Moore argues that the Bureau failed to provide notice of the sale as required by Section 602 of RETSL and that Williams was prohibited from bidding on the Lloyd Street Property, as she was delinquent in paying taxes on the Perkins Street Property.

## III.  Discussion

First, we address whether the Bureau complied with the notice provisions in Section 602 of RETSL.  Moore argues that the Bureau failed to provide notice of the sale that was directed to Decedent, who was record owner of the Lloyd Street Property.  Moore suggests that the Bureau had a duty to inquire into the whereabouts or status of Decedent, because an issue existed regarding the adequacy of notice required under Section 602 of RETSL.

Pursuant to Section 602(a) of RETSL,[4] the Bureau must provide notice of a tax sale by publication at least 30 days prior to the sale in 2 newspapers of general circulation in the county and once in the legal journal.  Section 602(e) of RETSL, 72 P.S. § 5860.602(e), also requires that notice of the sale be given "to each owner" at least 30 days prior to the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, as well as by posting notice of the sale on the property scheduled for sale at least 10 days prior to the sale.  The Bureau bears the burden of proving compliance with RETSL's notice provisions.  *In re Tax Sale of Real Prop. Situated in Jefferson Twp.*, 828 A.2d 475, 478 (Pa. Cmwlth. 2003).  The notice provisions in Section 602 of RETSL are to be strictly construed and

_____

a matter of law.  *Montgomery Cnty. Tax Claim Bureau v. Mermelstein Fam. Tr.*, 836 A.2d 1010, 1012 (Pa. Cmwlth. 2003).

[4] 72 P.S. § 5860.602(a).

5

compliance with said provisions is essential to prevent the deprivation of property without due process. *Id.* at 479. If any one of the three types of notice – publication, posting, or mail – is defective, the tax sale is void. *In re Consol. Reps. and Return by Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 645 (Pa. Cmwlth. 2016).

The formal requirements of notice need not be strictly met, however, when *actual notice of the tax sale* has been established. *Matter of Tax Sales by Tax Claim Bureau of Dauphin Cnty.*, 651 A.2d 1157, 1160 (Pa. Cmwlth. 1994). Whether a taxpayer has actual notice of an upset tax sale is a question of fact that will not be disturbed on appeal if supported by substantial evidence. *In re Consol. Reps. and Return*, 132 A.3d at 647. Actual notice is that which has been given to a party directly and personally, "or such that [s]he is presumed to have received [notice] personally because the evidence within [her] knowledge was sufficient to put [her] upon inquiry." *Id.* (citing Black's Law Dictionary 1061-62 (6th ed. 1990)).

Moore has not argued that the Bureau failed to provide notice by posting or publication. Rather, Moore's argument centers on the Bureau having mailed a notice to "Albert A Dennis" and not to "Alberta Dennis." Moore has not disputed that she received, and signed the return receipts for the notice mailed to her deceased father, Sam Dennis, or the notice sent to "Albert A Dennis." Although Moore testified that she did not recall having a conversation with Heinlein prior to the September 13, 2018 upset tax sale, she did not deny having actual notice that a sale would take place on that date. Moreover, the trial court credited Heinlein's testimony that Moore contacted her on July 30, 2018, to advise Heinlein that she intended to pay the delinquent real estate taxes owed on the Lloyd Street Property prior to the scheduled tax sale. Given that the Bureau provided notice by posting, by

6

publication, and by mailing notices by certified mail, return receipt requested, which Moore received and signed for, it is unclear why the Bureau would have reason to believe adequate notice of the upset tax sale was not provided. Accordingly, we reject Moore's argument that the trial court erred in denying the Petition based on lack of notice under Section 602 of RETSL.

Next, we address whether Williams was a delinquent property owner who was barred from bidding on the Lloyd Street Property. Moore argues that the County's online tax records indicated that the Perkins Street Property "bore a significant tax delinquency" as of November 5, 2018. Additionally, Moore contends that Williams failed to respond to a request for admissions in January 2019 and either admit or deny that she was a delinquent property owner at the time she bid on the Lloyd Street Property. By failing to respond, Moore argues that Williams has admitted she is a delinquent property owner and, as a result, she was prohibited from bidding on the Lloyd Street Property.

Section 102 of RETSL,[5] 72 P.S. § 5860.102, relevantly defines the term "delinquent property owner" as a person whose taxes on the subject property are delinquent and in whose name the property is last registered. The trial court credited the testimony of both Heinlein and Williams that Williams was not delinquent in paying real estate taxes on the Perkins Street Property, and there is no evidence to support Moore's assertion in her appellate brief that a tax delinquency existed for the Perkins Street Property on November 5, 2018. Moreover, Williams testified that she sold the Perkins Street Property in October 2018. As the record does not support Moore's claim that Williams was a delinquent property owner at the time she bid on

_____

[5] The Act of June 19, 2018, P.L. 239.

7

the Lloyd Street Property, the trial court did not err in concluding that Williams was not barred from bidding under Section 619.1(a) of RETSL.

For the above reasons, we affirm the trial court.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Public Sale of Properties : 
Pursuant to Section 605 of the : 
Real Estate Tax Law : 
(Tax Parcel 49-08-01009-00) : 
 : 
 : 
Barbara Ann Moore, Executrix : 
under the Will of Alberta Hertzler, : 
aka Alberta Coles Dennis Hertzler, : 
aka Alberta B. Dennis, Deceased, : 
                  Appellant : 
 : 
        v. : No. 744 C.D. 2019
 : 
Delaware County Tax Claim Bureau : 
and Inez Williams : 

# **O R D E R**

AND NOW, this 17th day of May, 2023, the May 16, 2019, order of the Court of Common Pleas of Delaware County is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge