**In re Tax Claim Bureau of Northampton County, James T. SERFASS.**

**Appeal of James T. SERFASS, Appellant.**

Commonwealth Court of Pennsylvania

Argued Sept. 22, 1994.

Decided Dec. 14, 1994.

Michael Vedomsky, for appellant.

Keene Jabbour, for appellee.

Richard J. Shiroff, for intervenors.

Before DOYLE, KELLEY and NEWMAN, JJ.

DOYLE, Judge.

James T. Serfass appeals an order of the Court of Common Pleas of Northampton County denying and dismissing his objections to the judicial sale of his real property pursuant to Section 612 of the Real Estate Tax Sale Law[1] (Law).

Serfass was the owner of real estate located at 39 South 6th Street, Easton, Northampton County (the property). Serfass used the property for its rental income, not as his residence,[2] but the property remained vacant for several years and, consequently, produced no income. Serfass became delinquent in the payment of his 1990 real estate taxes, and on or about May 14, 1991, the Northampton County Tax Claim Bureau mailed Serfass a Return and Claim notice.[3] The notice was mailed to Serfass's last known address, i.e., 110 Ann Street, Easton, but was returned to the Tax Claim Bureau with the stamp, "moved, left no address." On or about June 17, 1991, the same "Return and Claim" notice was posted on the property.

On or about June 29, 1992, a "Tax Sale Notice" for the sale of the property on September 14, 1992, was sent to Serfass at the Ann Street address. This notice was also returned to the Tax Claim Bureau marked "moved, left no address." Thereafter, on August 6, 1992, the Tax Claim Bureau advertised[4] the tax sale of the property which was to be held on September 14, 1992. The tax sale took place as scheduled, but no bids were received for the property.[5]

On or about November 13, 1992, the Northampton County Court of Common Pleas entered a Rule to Show Cause why Serfass's property should not be sold at a judicial sale, with a return date of December 16, 1992. On December 8, 1992, the Northampton County Sheriff's Office personally served Serfass with a copy of this Rule to Show Cause. However, Serfass did not appear or respond to the Rule to Show Cause in any manner by the return date, and as a consequence, the court ordered a judicial sale to take place on December 21, 1992. The sale took place as scheduled on December 21, 1992, and the property was sold to Walter and Martha Burke.

■ On January 19, 1993, Serfass filed a "Petition to Set Aside and Upset Tax Sale and Judicial Sale" in the Northampton County Court of Common Pleas. On May 20, 1993, an evidentiary hearing was held, and, on November 18, 1993, the court entered an order dismissing Serfass's objections and exceptions to the sale. This appeal followed.[6]

---

1. Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. § 5860.612.

2. Serfass had residences at 1519 Spring Garden Street and 162 West Milton Street in the City of Easton. However, beginning sometime in 1987, and for a period of approximately three years thereafter, Serfass lived at 110 Ann Street, Easton. The Ann Street address was Serfass's address of record with the Tax Claim Bureau and continued to be Serfass's record address thereafter since he never notified the Tax Claim Bureau of any change of address.

3. A Return and Claim notice is sent by the Tax Claim Bureau to a taxpayer at his last known address informing him that his property taxes are overdue and that if he does not pay them, the property in question will be subject to a tax sale after one year.

4. The tax sale was advertised in the Express–Times, the Morning Call, and the Northampton County Reporter.

5. On September 18, 1992, the sale was confirmed by the Northampton County Court of Common Pleas by a Decree Nisi, indicating that no bids had been received for the property.

6. Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. Casady v. Clearfield County Tax Claim Bureau, 156 Pa.Commonwealth Ct. 317, 627 A.2d 257 (1993).

Serfass raises three issues on appeal: (1) whether the trial court's finding that he had actual knowledge of the date of the Judicial Sale was supported by substantial evidence; (2) whether the trial court committed an error of law when it ruled that the Tax Claim Bureau adequately complied with the statutory notice requirements; and (3) whether the trial court committed an error of law when it found that Serfass's due process rights were not violated.

We will address Serfass's first two issues together. At the outset, we must point out a confusion which appears to exist among the parties involved in this case between the notice requirements for a judicial sale and the notice requirements for a tax or upset sale.

■ The requirements pertaining to judicial sales are found in Sections 610 through 612–1 of the Law. Under Section 610, where the upset price [7] of a property shall not have been bid, the Tax Claim Bureau may petition the court of common pleas to sell the property by judicial sale. "Upon the presentation of such petition ... the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold...." 72 P.S. § 5860.610. The rule must be personally served by the sheriff.[8] After the Court has been satisfied that the rule has been properly served and that the facts in the petition are correct, then the court decrees that the property in question

be sold at a future time free of all "tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents, separately taxed." 72 P.S. § 5860.612. Significantly, there is no requirement in the Law that the landowner have actual notice of the date of the judicial sale itself. It is sufficient under Section 611 that he be given notice of the Rule to Show Cause why the property shouldn't be sold by judicial sale under Section 611.

■ On the other hand, the notice requirements for a tax or upset sale conducted under Sections 601 through 609 of the Law are more rigorous than those applicable to a judicial sale. Succinctly stated, notice of an impending tax sale must be give by publication, by posting the property, and by actual notice by first class mail if possible. Under Section 602:

(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

---

7. A property cannot be sold at a tax sale for less than its upset price. Under Section 605 of the Law, the upset price of a property equals the sum of:

(a) the tax liens of the Commonwealth, (b) the amount of the claim absolute ... (c) the amount of any other tax claim or tax judgment due on such property ... (d) the amount of all accrued taxes including taxes levied for the current year ... (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale.

The upset price for Serfass's property was $2,222.90.

8. The rule must be served in the same manner as writs of scire facias. 72 P.S. § 5860.611.

A writ of scire facias is a mandate to the sheriff, which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step, usually to have advantage of a public record. The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution.

The writ of scire facias serves the dual purposes of a summons and a complaint, and a writ of scire facias is personal process, but the detailed requirements of a pleading are not applied to the writ of scire facias.

18 Standard Pennsylvania Practice 2d § 102:10 (1983) (footnotes omitted).

. . . .

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. 5860.602(a), (e).

Under Section 607a of the Law, when the mailed notification is returned without the required signature of the property owner, or for some other reason it appears doubtful that actual notice was received, the Bureau must make reasonable efforts to locate the taxpayer, including but not limited to searching telephone directories, dockets of the county tax assessment office, the recorder of deeds office, and the prothonotary's office. 72 P.S. § 5860.607a.

Serfass concedes that the Bureau complied with the notice requirements of Section 602 prior to the September tax sale. However, he argues that the *judicial sale* is void because the Bureau failed to comply with the

additional notice requirements of Section 607a, which pertains to tax sales, not to judicial sales. Although there is evidence in the record supporting the claim that the Bureau did not strictly comply with all the guidelines of Section 607a, we cannot agree that it invalidates the subsequent judicial sale.

■ If the property had actually been sold at the tax sale, Serfass may have been entitled to have that sale set aside. *See In Re Tax Claim Bureau of Beaver County,* 143 Pa.Commonwealth Ct. 659, 600 A.2d 650 (1991). However, Serfass's land was not sold at the tax sale, but at a subsequent judicial sale, and, while it is true that Serfass never received notice of the actual date of the judicial sale, this type of notice is not required by the Law. 72 P.S. § 5860.612. What was required, however, was that he be personally served with the Rule to Show Cause why his property should not be sold at a judicial sale, and this was complied with when, on December 8, 1992, Serfass was personally served with the Rule by the sheriff's office.[9] This service gave Serfass notice of the pending judicial sale in full compliance with Section 611 of the Law.

■ In view of the notice which Serfass actually received, overturning the sale because the Bureau did not strictly comply with all the notice requirements of Section 607a prior to the tax sale is unwarranted. *See Hass Appeal,* 96 Pa.Commonwealth Ct. 452, 507 A.2d 1294 (1986), *petition for allowance of appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987). While the Bureau could not circumvent the protections given the taxpayer by conducting a judicial sale without first conducting a tax sale, it does not follow that a mistake in the giving of notice prior to a tax sale would permanently taint a subsequent judicial sale. Moreover, Serfass was not prejudiced by the Bureau's failure to strictly

9. Serfass also argues that the Rule was invalid on its face because it was made returnable on December 16, 1993, thirty-three days after it had been issued, and not within the thirty day time period authorized by Section 610 of the Law. We reject this argument since Serfass was not prejudiced by this error. If anything, Serfass would have benefitted from the additional time

within which to file an appearance and/or otherwise object. *See Brown v. Commonwealth,* 140 Pa.Commonwealth Ct. 579, 594 A.2d 806 (1991) (no prejudice found where procedural error did not affect the substantial rights of the parties, and the property owner had an opportunity to appear and defend).

comply with the notice requirements for the tax sale, since the property was not sold at the tax sale, and subsequently, he did receive notice prior to the judicial sale. *See Stephens Appeal,* 53 Commonwealth Ct. 423, 430, 419 A.2d 206, 209 (1980) ("[w]here a property owner has had full and timely notice of all steps taken prior to the sale and could not have been said to have been misled to his detriment he cannot thereafter complain about omission of notice of sale.") Serfass could have appeared, with or without counsel, at any time prior to the return day of the Rule. Hence, any deficiencies in the notice given Serfass prior to the tax sale were obviated when he was personally served [10] with the Rule to Show Cause on December 8, 1992.

Serfass's final argument is that his due process rights under the Federal and Commonwealth Constitutions were violated by the Bureau's failure to give him adequate notice of the sale of his property. It is, of course, a cornerstone of our legal system that persons will not be deprived of their property without notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Hass Appeal.*

■ However, in this case, Serfass's due process rights have not been violated. Serfass was served by the sheriff with a Rule to Show Cause which gave him notice of a judicial hearing which was held to determine whether his property should be sold by judicial sale. The fact that Serfass did not appear for the hearing does not diminish the effectiveness of the notice which was given. Serfass had a full opportunity to be heard, but for whatever reason, did not exercise his rights. He cannot now argue that he did not receive due process.

Accordingly, we affirm the order of the Court of Common Pleas.

10. We note that the Northampton County Rules of Civil Procedure (Northampton Rules) do not create any additional requirements for properly serving a Rule to Show Cause on a property owner prior to a judicial sale than are set forth in the statute. Therefore, the Sheriff, by personally serving Serfass with the Rule to Show Cause as directed by the statute, fully complied with the law.

**ORDER**

NOW, December 14, 1994, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

Also, although the Northampton Rules do not specifically address what is required when responding to a Rule to Show Cause, the Rule stated on its face that it was returnable on December 16, 1992, and that a hearing would be held on that date. We find that the Rule sufficiently advised Serfass of his legal rights.