**MONTGOMERY COUNTY TAX CLAIM BUREAU**

v.

**MERMELSTEIN FAMILY TRUST,**

v.

**Al Martin, Tyson Realty, Irish Ale House Inc., L. Roskow, Equitable Properties, Inc., Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2003.

Decided Oct. 22, 2003.

Reargument En Banc Denied Dec. 29, 2003.

Albert C. Oehrle, Norristown, for appellant.

Robert J. Willwerth, Philadelphia, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

We are asked whether the Court of Common Pleas of Montgomery County (trial court) erred in sustaining the objections of Mermelstein Family Trust (Trust) and setting aside a judicial sale. Agreeing the sale is invalid because the record owner was not served with the predicate rule to show cause, we affirm.

In April 2000, upon the recording of a deed in Montgomery County, the Trust became the record owner of the property located at 351 Red Lion Road, Huntingdon Valley, Lower Moreland Township (Property). Thereafter, the Property was exposed at a tax upset sale; however, no bids were received. The Property was scheduled for judicial sale, but was later removed from the list at the request of the school district in which the Property is located.

In March 2001, in an effort to again expose the Property for judicial sale, the Montgomery County Tax Claim Bureau (Bureau) filed two petitions with the trial court: a petition for rule to show cause why the Property should not be sold at judicial sale (Rule) pursuant to Section 610

of the Real Estate Tax Sale Law[1] (Law), 72 P.S. § 5860.610; and a petition requesting special service of that petition.

The Rule return date and the hearing on the Rule were scheduled for April 24, 2001. This hearing was the sole opportunity for interested parties to appear and contest the validity of a judicial sale of their property. Sections 610 and 612 of the Law, 72 P.S. §§ 5860.610, 5860.612. Significantly, the record owner of the Property, the Trust, did not receive personal service of the Rule or service by certified mail as required by statute. Section 611 of the Law, 72 P.S. § 5860.611.[2] The Trust neither answered the Rule nor appeared at the hearing on the Rule.

On April 30, 2001, six days after the hearing on the Rule, the Bureau sold the Property at judicial sale to Al Martin, Tyson Realty, Irish Ale House, Inc., L. Roskow and Equitable Properties, Inc. (Purchasers). Thereafter, the Trust filed objections and exceptions, arguing it did not receive personal service or mailed notice of the Rule.

Following oral argument on exceptions, the trial court issued an opinion and order voiding the judicial sale; invalidating any deed to the Property issued as a result of the sale; and directing the Trust to pay all

delinquent taxes on the Property within 30 days. The trial court invalidated the judicial sale because the Trust did not receive personal service of the Rule or service by certified mail.[3] The trial court recognized that "the mandate that under the due process clause a reasonable effort must be made to provide actual notice of an event which may significantly affect a legally protected property interest." Trial Court Slip Op. at 5 (quoting *In re Sale No. 10*, 801 A.2d 1280, 1287 (Pa.Cmwlth.2002)). Further, the trial court held:

> It is clear to the Court that Mermelstein's whereabouts were known and a reasonable effort would have provided him with actual notice of the Rule Return and the hearing date, either by personal service or certified mail. *The United States Constitution, 72 P.S. § 5860.611, and caselaw, all mandate personal service of the Rule because it is the opportunity to be heard at a hearing prior to the judicial sale that cannot be denied the Owner of such properties.*

Trial Court Slip Op. at 5 (emphasis added). The trial court also determined the Bureau did not attempt to serve the Trust by certified mail.

The trial court denied reconsideration. Purchasers appeal to this Court,[4] assert-

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

2. § 5860.611. Service of rule

Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth.... If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address....
72 P.S. § 5860.611.

3. Notably, Purchasers deposed two Bureau employees. The trial court determined the testimony of these two witnesses "belies the assertion that any reasonable effort was made to personally serve or notify David Mermelstein of the April 24th hearing date." Trial Court Slip Op. at 5. Neither employee testified that the Bureau attempted personal service or that service was attempted by certified mail. The trial court determined Mermelstein's business address was of record, and his whereabouts were known at all times to the Bureau. *Id.*

4. Our review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision

ing: (i) the Trust was not entitled to service of the Rule; (ii) strict compliance with notice requirements was not required because the Trust had actual notice of the sale; and (iii) in its exceptions to the sale, the Trust did not plead a meritorious defense.

## I.

Purchasers first assert the trial court erred in determining the Trust was entitled to service of the Rule. We disagree for several reasons.

First, Purchasers failed to raise this issue in their Statement of Matters Complained of on Appeal. Therefore, it is waived. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998).

Second, even if not waived, this argument fails. Relying on *Commonwealth v. Sprock,* 795 A.2d 1100 (Pa.Cmwlth.2002), Purchasers contend that after the Property was exposed at upset sale, title to the Property passed to the Bureau, divesting the Trust of any ownership interest. Because the Trust no longer held an ownership interest, Purchasers argue, it was not entitled to service of the Rule.

*Sprock* is inapposite. There, the tax claim bureau exposed a property at upset tax sale, but no bids were received. The bureau took no further action, but retained the property in its inventory of unsold properties. Ten years later, the Sprocks were cited for ordinance violations arising out of their failure to maintain the property. The trial court determined the Sprocks were the owners of the property for purposes of the ordinance and were therefore liable for the violations. We disagreed, holding, at the conclusion of the upset sale, the tax claim bureau became "trustee" of the property. Applying the ordinance definition of "owner," which in-

cluded "trustees," we concluded the Sprocks were not liable for the violations because they no longer controlled the property. *Sprock* does not hold that the record owner of a property is not entitled to notice of the rule after an upset sale.

The requirements for judicial sales are found in Sections 610 through 612–1 of the Law. Under Section 610 of the Law, where the upset price is not bid at an upset sale, a tax claim bureau may petition the trial court for a rule to sell the property at a judicial sale free and clear of all claims, liens and mortgages. Section 610 of the Law, 72 P.S. § 5860.610. The rule must be personally served on any party with an identifiable interest in the property by person or by registered mail, followed by a hearing and an order of court directing the property be sold free and clear. Sections 611 and 612 of the Law, 72 P.S. §§ 5860.611, 5860.612; *In re Serfass,* 651 A.2d 677 (Pa.Cmwlth.1994).

■ "Where a taxing authority intends to conduct a sale of real property because of nonpayment of taxes, *it must notify the record owner of property* by personal service or certified mail...." *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 296, 489 A.2d 1334, 1338 (1985) (emphasis added). Thus, as record owner of the Property, the Trust was entitled to receive personal service of the Rule or service by registered mail.

*Serfass* is helpful. There, Serfass was delinquent in his payment of real estate taxes. The tax claim bureau held an upset sale, but no bids were received. Thereafter, the trial court entered a rule to show cause why the property should not be sold at judicial sale. The sheriff's office personally served Serfass with the rule. Serfass neither appeared nor responded to the

which lacked supporting evidence, or clearly    erred as a matter of law. *In re Sale No. 10.*

rule, however, and his property was sold at judicial sale. He thereafter petitioned the trial court to set aside the sale. We determined the tax claim bureau satisfied the Law's notice requirements, stating, "[i]t is sufficient under Section 611 that he be given notice of the Rule to Show Cause why the property shouldn't be sold at judicial sale under Section 611." *Serfass*, 651 A.2d at 679. We further stated:

> [W]hile it is true that Serfass never received notice of the actual date of the judicial sale, this type of notice is not required by the Law. 72 P.S. § 5860.612. *What was required, however, was that he be personally served with the Rule to Show Cause why his property should not be sold at a judicial sale, and this was complied with when, on December 8, 1992, Serfass was personally served with the Rule by the sheriff's office.* This service gave Serfass notice of the pending judicial sale in full compliance with Section 611 of the Law.

*Serfass*, 651 A.2d at 680 (emphasis added).

█ Here, unlike in *Serfass*, the Trust was neither personally served with nor sent a copy of the Rule. As a result, the Bureau failed to comply with the Law when it failed to serve the Rule on the record owner of the Property by personal service or registered mail. *Tracy.* Therefore, we discern no error from the trial court's determination that the record owner was entitled to service of the Rule.

## II.

Purchasers assert strict compliance with the Law's notice requirements was not required because the Trust had actual notice of the sale date. Again, we disagree.

The Law requires that an owner receive service of the rule, not notice of the actual date of judicial sale, because that proceeding is the sole opportunity for interested parties to appear and contest the validity of a judicial sale. Section 611 of the Law, 72 P.S. § 5860.611; *Serfass.*

█ It is a cornerstone of our legal system that persons will not be deprived of their property without notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). Here, the Trust did not receive notice of the Rule or the hearing date. Therefore, actual notice of the sale date is immaterial.[5]

## III.

Purchasers also argue the trial court erred in invalidating the sale because the Trust did not plead a meritorious defense.

█ Challenges to tax sales are limited to filing objections or exceptions to the regularity or legality of the proceedings of the bureau in respect to such sale. *Appeal of Yardley,* 166 Pa.Cmwlth. 596, 646 A.2d 751 (1994). While the Law permits the filing of exceptions to a tax sale, it does not

---

**5.** Moreover, Purchasers reliance on *Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514 (Pa.Cmwlth.1998) (property owner had constructive notice of tax sale where certified letter from the tax claim bureau remained on her desk for 53 days) and *City of McKeesport v. Delmar Leasing Corp.,* 656 A.2d 180 (Pa. Cmwlth.1995) (where corporate property owner received notice by certified mail, evidenced by signed receipt, this amounted to actual notice to corporate mortgagee, where property owner and mortgagee had same president), is misplaced. Here, unlike in those cases, the Trust was not given mailed notice as required by the Law.

require a party plead a "meritorious defense." Moreover, the Trust followed the appropriate procedure by filing exceptions alleging, among other things, it was not properly served with the Rule. As such, we discern no error from the trial court's analysis.

For these reasons, we affirm.

## ORDER

AND NOW, this 22nd day of October, 2003, the order of the Court of Common Pleas of Montgomery County is AFFIRMED.