# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Dauphin County Tax Claim Bureau | : | CASES CONSOLIDATED |
| | : | |
| | : | |
| Mid Penn Bank | : | |
| | : | |
| | : | |
| v. | : | No. 1401 C.D. 2021 |
| | : | |
| Dauphin County Tax Claim Bureau Parcel No. 34-001-065-000-0000 | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Kusic Capital Group, VI, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| Rent A Lot, LLC, | : | |
| Appellant | : | |
| In Re: Dauphin County Tax Claim Bureau | : | |
| | : | |
| | : | |
| Mid Penn Bank, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1475 C.D. 2021 |
| | : | Argued: December 15, 2022 |
| Dauphin County Tax Claim Bureau Parcel No. 34-001-065-000-0000 | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Kusic Capital Group, VI, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| CJD Group, LLC | : | |

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: April 19, 2023

Rent A Lot, LLC (Rent A Lot) appeals from an order entered November 15, 2021, in the Court of Common Pleas of Dauphin County (trial court), which denied Mid Penn Bank's amended petition to set aside the judicial sale of certain property but held further that Rent A Lot acquired title to the property subject to a mortgage held by Mid Penn Bank. On appeal, Rent A Lot asserts that notice of the judicial sale was proper and, therefore, seeks title free and clear of the mortgage. Mid Penn Bank cross-appeals, asserting a violation of its due process rights.[1] Upon review, the Sheriff of Dauphin County (Sheriff) properly served notice of the judicial sale upon Mid Penn Bank. Further, Mid Penn Bank is due no relief for its cross-appeal. For these reasons, while the trial court properly denied the bank's petition, it erred in holding that Rent A Lot took title subject to Mid Penn Bank's mortgage. We therefore affirm in part and reverse in part.

## I. BACKGROUND[2]

Kusic Capital Group, VI, LLC owned a property located at 4000 Vine Street, Middletown, Dauphin County (Kusic Property). Mid Penn Bank held a recorded mortgage on the Kusic Property. The mortgage listed Mid Penn Bank's

---

[1] The Court *sua sponte* consolidated these appeals. Order, Nos. 1401 & 1475 C.D. 2021, 5/12/22.

[2] The relevant facts herein are undisputed. *See generally* Joint Statement of Undisputed Facts, 10/25/21; Hr'g Tr., 10/26/21.

address as 5500 Allentown Boulevard, Harrisburg, Dauphin County (Allentown Blvd. Branch).

The Dauphin County Tax Claim Bureau (Bureau) sought to recoup unpaid taxes due on the Kusic Property via an "upset tax" sale but was unsuccessful. Therefore, on March 16, 2021, pursuant to Section 610 of the Real Estate Tax Sale Law (Tax Sale Law),[3] the Bureau petitioned the trial court to sell the property free and clear of liens and other encumbrances via judicial tax sale (Petition for Sale).[4]

On March 18, 2021, the trial court issued a Rule to Show Cause why the Kusic Property (and others) should not be sold at a judicial tax sale. The Rule stated that it was returnable in 90 days but scheduled a hearing on June 2, 2021, *i.e.*, 76 days into the returnable period.

On April 1, 2021, the Sheriff personally served the Petition for Sale and Rule on Pam Keefer, a manager at Mid Penn Bank's branch located at 349 Union Street, Millersburg (Millersburg Branch), *i.e.*, not the Allentown Blvd. Branch. The Sheriff also attempted service at the Allentown Blvd. Branch, in person on April 12,

---

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803. Section 610 of the Tax Sale Law provides, in relevant part, that when a property is not sold at an upset tax sale, a tax claim bureau may file a petition with a trial court to sell the unsold property at a judicial tax sale. 72 P.S. § 5860.610. The bureau's petition must be accompanied with evidence that it searched the record and ownership documents of the property and a list of all "tax and municipal claims, liens, mortgages, ground rents, charges and estates against" the property. *Id.* The trial court will then grant a rule upon the interested parties "to appear and show cause why a decree should not be made" to allow the sale of the property free and clear of all the claims, liens, mortgages, etc. *Id.*

[4] Indices attached to the Petition for Sale identified three properties in which Mid Penn Bank held an interest. For each identified property, the corresponding bank address was different. In other words, a different location of Mid Penn Bank was associated with each of the three properties identified in the Petition for Sale. For example, regarding a property identified as "Parcel No. 09-079-061-000-0000" and located at "1931 Zarker Street," Mid Penn Bank's address is listed as "349 Union Street, Millersburg, PA 17061." Pet. for Sale, 3/16/21, at 51. As noted, *supra*, the Allentown Blvd. Branch of Mid Penn Bank was associated with the Kusic Property. *Id.* at 72. A third property identified is irrelevant to these proceedings.

2021, and by mail on April 16, 2021, but service was unsuccessful. Mid Penn Bank has not maintained a branch at this location since May 31, 2019.

Mid Penn Bank did not file a response challenging the Bureau's Petition for Sale, nor did it attend the Rule returnable hearing. On June 2, 2021, the trial court granted the Bureau's petition. On July 10, 2021, Rent A Lot's predecessor-in-interest purchased the Kusic Property at the judicial tax sale.[5]

Thereafter, Mid Penn Bank petitioned the trial court to set aside the judicial sale, asserting that (1) it had not received proper notice that the Kusic Property was being sold because service at the Allentown Blvd. Branch had been unsuccessful and (2) the Rule relating to the judicial tax sale was procedurally flawed, thus depriving Mid Penn Bank of due process. *See* Mid Penn Bank's Am. Pet. to Set Aside Jud. Sale, 9/2/21.[6] The trial court agreed that service was improper but denied the bank's petition. Trial Ct. Order, 11/15/21.

According to the trial court, when service on Mid Penn Bank at the full address listed in the lien documents to the Kusic Property was unsuccessful, *i.e.*, at the Allentown Blvd. Branch, the Bureau was required but failed "to take reasonable steps to discover the whereabouts of that party." *Id.* at 2 (citing *In re Monroe Cnty. Tax Claim Bureau*, 91 A.3d 265 (Pa. Cmwlth. 2014)). The trial court dismissed the Bureau's service on Mid Penn Bank at its Millersburg Branch on two grounds: (1) this service occurred before the Bureau discovered that the Allentown Boulevard address was no longer correct; and (2) there was no apparent connection between the Millersburg Branch and the Kusic Property. *Id.* For these reasons, the trial court

---

[5] CJD Group, LLC initially purchased the property. Rent A Lot acquired title, and this Court substituted Rent A Lot as appellant. Order, 2/11/22.

[6] Mid Penn Bank premised its due process claim on the discrepancy in the Rule language, *i.e.*, stating that the Rule was returnable in 90 days but scheduling a hearing in 76 days.

determined that the Bureau's service did not strictly comply with the notice requirements of the Tax Sale Law. *Id.* However, rather than set aside the judicial sale, the trial court held that Rent A Lot took the Kusic Property subject to Mid Penn Bank's mortgage. *See id.* at 2-3 (citing *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 182 n.10 (Pa. Cmwlth. 1999)).

Rent A Lot timely appealed, and Mid Penn Bank timely cross-appealed; both parties filed court-ordered Pa. R.A.P. 1925(b) statements. Rent A Lot challenged the trial court's conclusion that the Bureau had not properly served Mid Penn Bank. *See* Rent A Lot's Pa. R.A.P. 1925(b) Statement, 1/31/22. For its part, Mid Penn Bank preserved a claim that the trial court "could have set aside the judicial sale" on due process grounds. Mid Penn Bank's Pa. R.A.P. 1925(b) Statement, 2/3/22, at 1. The trial court issued a responsive opinion. As for Rent A Lot's appeal, the trial court relied on its prior order. *See* Trial Ct. Pa. R.A.P. 1925(a) Op., 2/7/22, at 1. With respect to Mid Penn Bank's cross-appeal, the trial court observed that all recipients had specific notice of the date and time of the hearing held on June 2, 2021. *Id.* Therefore, the court rejected Mid Penn Bank's due process claim. *See id.*

## II. ISSUES

Rent A Lot asserts that the service upon a branch manager at the Millersburg Branch was proper because (1) the branch is a regular place of business for the bank, (2) the Bureau had no duty to locate an additional address for the bank, and (3) a single copy of the Bureau's petition was sufficient even though it sought to divest three mortgages held by the bank at three separate properties. Rent A Lot's Br. at 5-6. Thus, according to Rent a Lot, the trial court erred in holding that Rent A Lot took title to the Kusic Property subject to Mid Penn Bank's mortgage. *See id.*

4

In its cross-appeal, Mid Penn Bank preserves an alternative argument. Mid Penn Bank's Br. at 1. According to the bank, if service was proper, then the sale should have been set aside on due process grounds because the Rule returnable hearing was held before the returnable period had expired. *See id.*

## III. ANALYSIS[7]

### A. Service upon Mid Penn Bank was Proper

Rent A Lot asserts that service upon Mid Penn Bank was proper and, therefore, seeks title to the Kusic Property free and clear of the mortgage. *See* Rent A Lot's Br. at 18. Rent A Lot advances three arguments in support of this assertion, which we will briefly address. Upon review, Rent A Lot is entitled to relief.

First, according to Rent A Lot, service upon a corporate defendant is properly made upon the person in charge at any regular place of business. *See id.* at 18, 24-26. Rent A Lot rejects the trial court's suggestion that the Bureau was required to serve Mid Penn Bank at its Allentown Blvd. Branch, asserting that any such requirement would "essentially amend[] the Rules of Civil Procedure. *Id.* at 27 (referencing Pa. R.Civ.P. 402, 424). Further, Rent A Lot asserts that the purpose of notice under the Tax Sale Law is to inform an interested party of the pendency of the action and to afford that party an opportunity to challenge the judicial tax sale. *Id.* at 28. According to Rent A Lot, service of the Petition for Sale and Rule at the Millersburg Branch achieved that purpose.

Second, Rent A Lot asserts the trial court further erred in concluding that the Bureau was required to investigate an alternative address for Mid Penn Bank.

---

[7] In tax sale cases, we review whether the trial court abused its discretion, rendered a decision that lacked supporting evidence, or clearly erred as a matter of law. *777 L.L.P. v. Luzerne Cnty. Tax Claim Bureau*, 111 A.3d 292, 296 n.3 (Pa. Cmwlth. 2015). The construction and application of the Rules of Civil Procedure presents a question of law. *Ligonier Twp. v. Nied*, 161 A.3d 1039, 1046 (Pa. Cmwlth. 2017).

*Id.* at 34. According to Rent A Lot, an investigation is only required when personal service is unsuccessful. *Id.* (citing, *inter alia*, *In re Monroe Cnty. Tax Claim Bureau*). Moreover, Rent A Lot suggests, an investigation would have merely confirmed the Millersburg Branch to be a proper address for serving Mid Penn Bank, and thus it would essentially be a meaningless exercise. *See id.* at 34-35.

Third, to the extent the trial court held that the Bureau was required to serve three copies of the Petition for Sale and Rule upon Mid Penn Bank, one for each of the properties subject to sale in which it had an interest, Rent A Lot notes that this Court has held previously that a single notice was sufficient where a lienholder held multiple mortgages on a single subject property. *See id.* at 31-33. Further, according to Rent A Lot, Mid Penn Bank introduced neither evidence nor presented argument that it had been prejudiced by the Bureau's service of a single copy of the Rule. *See id.* at 36-40.[8]

In response to these arguments, Mid Penn Bank concedes that the Sheriff personally served its branch manager at its Millersburg Branch. Mid Penn Bank's Br. at 4. Nevertheless, Mid Penn Bank contends that this service was inconsistent with the Tax Sale Law, and therefore, its mortgage lien should not be divested by the tax sale. *See id.* at 3-10. According to Mid Penn Bank, service at a branch location not listed on the relevant mortgage documents was insufficient.

---

[8] The Court need not address this argument. At the hearing on its petition, Mid Penn Bank advanced an argument that the Bureau should have served three copies of the Petition for Sale and Rule, one for each property subject to the judicial tax sale. *See* Hr'g Tr. at 18-21, 51. However, the bank cited no authority in support of this argument. *See id.*; *see also* Mid Penn Bank's Br. at 8-10. We note further that Mid Penn Bank did not premise its petition on this argument. *See* Mid Penn Bank's Am. Pet. to Set Aside Jud. Sale. Finally, the trial court did not address this claim in its disposition, nor did Mid Penn Bank preserve this claim in its cross-appeal. *See* Trial Ct. Order; Mid Penn Bank Pa. R.A.P. 1925(b) Statement, 2/3/22; *see also* Trial Ct. Pa. R.A.P. 1925(a) Op., 2/7/22.

6

Moreover, upon failing to serve Mid Penn Bank, in person or by mail, at its closed branch location, the Bureau was required to exercise reasonable efforts to discover its whereabouts. *See id.* at 6-7 (citing Section 607.1(a) of the Law, added by Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a(a)).

The purpose of the notice provisions of the Tax Sale Law is not to strip away citizens' property rights but to collect taxes. *See 777 L.L.P.*, 111 A.3d at 297. In any tax sale case, the taxing bureau must prove compliance with the statutory provisions of the law. *See id.* There must be strict compliance with the notice provisions of the Tax Sale Law. *Mfrs. & Traders Tr. Co. v. Luzerne Cnty. Tax Claim Bureau*, 56 A.3d 36, 39 (Pa. Cmwlth. 2012). Absent proper notice to a mortgagee of a judicial tax sale, the purchaser at the sale takes title to the property subject to that mortgage. *Plank*, 735 A.2d at 182 n.10.

Section 611 of the Tax Sale Law governs service of the Rule and provides that it "shall be made in the same manner as writs of scire facias are served in this Commonwealth." 72 P.S. § 5860.611.[9] As original process, service of the Rule is governed by the Pennsylvania Rules of Civil Procedure. *See Simmons v. Delaware Cnty. Tax Claim Bureau*, 796 A.2d 400, 403-05 (Pa. Cmwlth. 2002). Rule 402 provides that "[o]riginal process may be served . . . by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R.Civ.P. 402(a)(1)(iii). Similarly, Rule 424 provides that "[s]ervice of original process upon a corporation or similar entity shall be made by handing a copy to . . . the manager, clerk or other person for the time

---

[9] A writ of *scire facias* is personal process, serving as summons and complaint, which directs a defendant to appear and show cause why a plaintiff should not be permitted to take some step ordinarily related to sums due on a recorded lien. *See In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 22 A.3d 308, 311 n.2 (Pa. Cmwlth. 2011).

7

being in charge of any regular place of business or activity of the corporation or similar entity[.]" Pa. R.Civ.P. 424(2).

When service by mail on an interested party is unsuccessful, Section 607.1(a) of the Tax Sale Law requires that a tax claim bureau "exercise reasonable efforts to discover the whereabouts" of that party. 72 P.S. § 5860.607a(a).[10] There is no such obligation, however, when personal service has been successful. *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 633 (Pa. Cmwlth. 2021) (recognizing that "the requirements of Section 607.1(a) were triggered" when "the [b]ureau received permission from common pleas to provide alternative service of the pending tax sale by publication and by mail"); *In re Monroe Cnty. Tax Claim Bureau*, 91 A.3d at 270.

The trial court rejected service at the Millersburg Branch in part because it found no apparent connection between that branch and the Kusic Property. *See* Trial Ct. Order at 2. The court cited no authority in support of this reasoning. It is unclear what further connection there needs to be when it is undisputed that (1) Mid Penn Bank held a mortgage on the Kusic Property and (2) the Millersburg Branch is a regular place of business for the bank. The connection is readily apparent. The court's additional concern that the Bureau failed to investigate a new address for Mid Penn Bank, *see id.*, is also unfounded. Upon personally serving Mid Penn Bank with the Rule, the Bureau had complied with the notice requirements of the Tax Sale Law. It was unnecessary for the Bureau to investigate alternate service locations.

Here, the Sheriff personally served the Rule upon the branch manager of the Millersburg Branch, a regular place of business for Mid Penn Bank. This

---

[10] Section 607.1(a) applies to both upset tax sales and judicial tax sales. *In re Sale No. 10*, 801 A.2d 1280, 1288 (Pa. Cmwlth. 2002).

8

service was consistent with Section 611 of the Tax Sale Law and the Rules of Civil Procedure. 72 P.S. § 5860.611; Pa. R.Civ.P. 402(a)(1)(iii), 424(2). Accordingly, the trial court's conclusion that service was improper constitutes a clear error of law. *See Ligonier*, 161 A.3d at 1046.

### B. The Rule Provided Sufficient Notice to Mid Penn Bank

In its cross-appeal, Mid Penn Bank asserts that the judicial tax sale should be set aside on due process grounds because the Rule returnable hearing was held before the returnable period had expired. Mid Penn Bank's Br. at 11. According to Mid Penn Bank, the inconsistency or apparent contradiction in the Rule returnable is concerning because it could limit an interested party's ability to protect against the deprivation of property without due process. *See id.* at 12.[11]

In response, Rent A Lot asserts that "[d]ue process is about notice and an opportunity to be heard and Mid Penn [Bank] had both." Rent A Lot's Br. in Resp. to Cross-Appeal at 3. According to Rent A Lot, Mid Penn Bank chose not to exercise its right to be heard and cannot now argue that it was deprived of due process. *Id.* at 4 (citing *In re Serfass*, 651 A.2d 677 (Pa. Cmwlth 1994)). Rent A Lot further observes that Mid Penn Bank does not assert that it incurred any prejudice because the hearing was held on the very date set forth in the Rule. *See id.* at 4-5.

---

[11] The case law cited by Mid Penn Bank in support of its claim is not persuasive. *See, e.g.*, *City of Phila. v. Manu*, 76 A.3d 606 (Pa. Cmwlth. 2013) (setting aside a tax sale when the record established that the city did not serve the petition for sale and rule until months *after* the trial court had approved a sale pursuant to the act commonly referred to as the Municipal Claims and Liens Act of 1923, Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101–7455); *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619 (Pa. Cmwlth. 2021) (holding that a bureau's failure to comply with notice requirements deprives a trial court of jurisdiction to authorize a tax sale and renders any subsequent sale void *ab initio*).

"It is, of course, a cornerstone of our legal system that persons will not be deprived of their property without notice and an opportunity to be heard." *In re Serfass*, 651 A.2d at 681 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)); *see also Hess v. Westerwick*, 76 A.2d 745, 748 (Pa. 1950).

This Court's decision in *In re Serfass* is instructive. The Northampton County Tax Claim Bureau was unable to serve a property owner with notice that his property was subject to an upset tax sale. *In re Serfass*, 651 A.2d at 678. The sale proceeded as scheduled, but no bids were received for the property. *Id.* Thereafter, the common pleas court entered a rule to show cause why the property should not be sold at a judicial tax sale, with a return date specifically provided. *Id.* The sheriff personally served the rule upon the property owner, but the owner did not appear or respond to the rule. *Id.* Subsequently, the property was sold at a judicial tax sale. *Id.*

The property owner filed a petition to set aside the sale, in relevant part challenging the sale on due process grounds. *Id.* at 678-79. The common pleas court denied the petition, and on appeal, this Court affirmed. *Id.* This Court recognized the lack of service prior to the upset tax sale but concluded that personal service of the rule prior to the judicial tax sale had cured any defect. *Id.* at 680-81. Further, the notice had provided the property owner "a full opportunity to be heard, but for whatever reason, [the owner] did not exercise his rights. He cannot now argue that he did not receive due process." *Id.* at 681.

Here, there is no dispute that the Rule served on Mid Penn Bank provided specific notice of the date and time of the hearing held on June 2, 2021. Mid Penn Bank neither appeared at the hearing nor otherwise challenged the Bureau's Petition for Sale. Whatever the reason, its decision to forgo a challenge to

the judicial sale of the Kusic Property negates any due process argument. *See id.* Accordingly, this claim lacks merit.

### IV. CONCLUSION

Mid Penn Bank received personal service of the Rule at a regular place of business. This service was proper and in accordance with Section 611 of the Tax Sale Law and the Rules of Civil Procedure. 72 P.S. § 5860.611; Pa. R.Civ.P. 402(a)(1)(iii), 424(2). Despite notice of the Rule returnable hearing, Mid Penn Bank chose not to appear to challenge the scheduled judicial sale. Accordingly, Mid Penn Bank may not assert a due process challenge. *See In re Serfass*, 651 A.2d at 681.

For these reasons, while the trial court properly denied the bank's amended petition to set aside the judicial sale of the Kusic Property, it erred in holding that Rent A Lot took title subject to Mid Penn Bank's mortgage. Rather, the judicial sale divested Mid Penn Bank of its lien on the Kusic Property, and Rent A Lot holds title to the property free and clear of the mortgage. *See* Section 610 of the Tax Sale Law, 72 P.S. § 5860.610. We therefore affirm in part and reverse in part.

LORI A. DUMAS, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Dauphin County Tax Claim Bureau | : | CASES CONSOLIDATED |
| | : | |
| Mid Penn Bank | : | |
| | : | |
| v. | : | No. 1401 C.D. 2021 |
| | : | |
| Dauphin County Tax Claim Bureau Parcel No. 34-001-065-000-0000 | : | |
| | : | |
| v. | : | |
| | : | |
| Kusic Capital Group, VI, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| Rent A Lot, LLC, Appellant | : | |
| In Re: Dauphin County Tax Claim Bureau | : | |
| | : | |
| Mid Penn Bank, Appellant | : | |
| | : | |
| v. | : | No. 1475 C.D. 2021 |
| | : | |
| Dauphin County Tax Claim Bureau Parcel No. 34-001-065-000-0000 | : | |
| | : | |
| v. | : | |
| | : | |
| Kusic Capital Group, VI, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| CJD Group, LLC | : | |

## **O R D E R**

AND NOW, this 19th day of April, 2023, the order entered November 15, 2021, in the Court of Common Pleas of Dauphin County (trial court), which denied Mid Penn Bank's amended petition to set aside the judicial sale of a property located at 4000 Vine Street, Middletown, Dauphin County, PA 17057, is AFFIRMED in part and REVERSED in part. The order is REVERSED to the extent the trial court held Rent A Lot took title to the property subject to Mid Penn Bank's mortgage. The order is otherwise AFFIRMED.

Following proper notice and an opportunity to challenge the scheduled judicial sale, which Mid Penn Bank declined, Rent A Lot's predecessor-in-interest purchased the property. Accordingly, the judicial sale divested Mid Penn Bank of its lien on the property, and Rent A Lot holds title to the property free and clear of the mortgage. *See* Section 610 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.610.

 

 

LORI A. DUMAS, Judge