County of Delaware Tax  :
Claim Bureau     :
         :
   v.      :
         :
L. Paul Dieffenbach, Jr. and :
Rose Tree Media School District :
         : No. 94 C.D. 2025
Appeal of: L. Paul Dieffenbach, Jr. : Submitted: April 13, 2026


BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE LORI A. DUMAS, Judge
      HONORABLE STELLA M. TSAI, Judge


OPINION BY
JUDGE COVEY         FILED: June 10, 2026


    L. Paul Dieffenbach, Jr. (Appellant) appeals pro se from the Delaware County (County) Common Pleas Court's (trial court) December 26, 2024 order denying Appellant's Motion for Summary Judgment and granting Rose Tree Media School District's (District) Cross-Motion for Summary Judgment thereby denying Appellant's Bill of Exceptions to his 2020 Real Estate Tax Bill (Exceptions) and affirming the County Tax Claim Bureau's (Bureau) tax claim. The sole issue before this Court is whether the Real Estate Tax Sale Law (RETSL)[1] permits a challenge to the validity of the tax levied. After review, this Court affirms.

    In July 2020, the District issued its 2020 annual real estate tax bill for the Appellant's property located at 13 Wyncroft Drive, Middletown Township, Pennsylvania (Property). Appellant attempted to make a partial payment of $2,855.62 because the school year was truncated due to the COVID-19 pandemic.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

The District returned Appellant's partial payment. On December 30, 2022, Appellant filed the Exceptions, therein challenging the District's refusal to credit his tax bill the sum of $1,575.04 for 64 days of learning that he alleged were not provided to students due to the COVID-19 pandemic. On March 30, 2023, the Bureau conducted a hearing pursuant to Section 314 of the RETSL.[2] On April 6, 2023, the Bureau denied the Exceptions.

On April 25, 2023, Appellant filed in the trial court a Petition for Appeal of Decision of the Bureau with Jury Trial Demanded (Petition).[3] In the Petition, Appellant challenged: (1) the Bureau's hearing procedure; (2) whether persons aged 70 and over should be entitled to a tax discount where their source of funds for payment, i.e., social security benefits, are exempt from federal and state tax and they receive no discernable benefit from the public school system; (3) whether Appellant should pay full price for the truncated school year; (4) whether the current school tax billing system violates the uniform taxation mandate of article VIII, section 1 of the Pennsylvania Constitution[4] for individuals aged 70 and over; and (5) whether the school tax system is biased in favor of the wealthiest taxpayers.

On August 6, 2024, Appellant filed his Motion for Summary Judgment. Therein, Appellant stated:

> At issue before the [trial c]ourt is whether the current structure and Pennsylvania [s]chool [t]ax laws as being pursued against aged persons of modest means is unconstitutional under the [U]niformity [C]lause of [article VIII], [section] 1 of the Constitution of

---

[2] 72 P.S. § 5860.314 (relating to proceedings to attack validity of claims).

[3] The parties stipulated that Appellant's subsequent exceptions to the 2022 real estate tax bill would be consolidated with the instant Petition.

[4] PA. CONST. art. VIII, § 1 ("All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.").

Pennsylvania, or the special considerations of [article VIII], [section] 2 [of the Pennsylvania Constitution],[5] or both.[6]

Reproduced Record (R.R.) at 10.[7] In his Prayer for Relief, Appellant requested:

> A **Declaratory Judgment** that current [s]chool [t]ax procedures are unconstitutional, under both the Uniform Taxation and Special Provisions clauses of [a]rticle [VIII of the Pennsylvania Constitution], as being used against [Appellant] and others similarly situated ("aged persons"), and that the . . . Bureau is to cease and desist any further pursuit of delinquent school taxes against [Appellant] until such time as new, fully compliant laws and regulations are put in place.

R.R. at 14 (emphasis in original).

On September 6, 2024, the District filed its Cross-Motion for Summary Judgment. Therein, the District challenged the procedural posture of Appellant's constitutional arguments and submitted that he failed to establish any valid legal reason in his Exceptions to reduce his 2020 or 2022 real estate tax claim bill. On December 26, 2024, the trial court denied Appellant's Motion for Summary Judgment and granted the District's Cross-Motion for Summary Judgment. Appellant appealed to this Court.[8] The trial court filed its opinion on March 3, 2025, therein concluding that because the RETSL does not permit Appellant's claim, the trial court lacked jurisdiction over it.

---

[5] PA. CONST. art. VIII, § 2 (relating to exemptions from taxation).

[6] In his brief to this Court, Appellant stated that he "notified the [trial court] and all parties that the truncated school year would no longer be at issue[], but rather [h]e would litigate the constitutionality of the underlying tax structure as it applied to individuals [over] age 70, and of modest means." Appellant Br. at 3.

[7] Because the Reproduced Record pages are not numbered, this Court references electronic pagination herein.

[8] This Court's "review in tax sales cases . . . is to determine 'whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law.'" *Johnson v. Tax Claim Bureau of Del. Cnty.*, 329 A.3d 744, 748 n.4 (Pa. Cmwlth. 2024) (quoting *In re Serfass*, 651 A.2d 677, 678 n.6 (Pa. Cmwlth. 1994)).

Initially, this Court has explained:

Under the RETSL, the [Bureau] is responsible for the prosecution and collection of delinquent taxes, and the management and disposition of property as payment for those taxes. Each taxing body must file or "make a return" to the [Bureau] on or before the last day of April of each year, which contains a list of all properties against which taxes were levied by the taxing body, but remain unpaid. Section 306 of the RETSL, 72 P.S. § 5860.306. The [Bureau], in turn, prepares a "tax claim" for each property which is then entered in a "suitable claim docket." The tax claim acts as a lien against the property. The [B]ureau gives "notice" to the taxpayer of the "return" of such taxes. Section 308 of the RETSL, 72 P.S. § 5860.308. **The taxpayer is provided the opportunity to pay the taxes or to file timely exceptions to the claim**. . . . 72 P.S. § 5860.314.

*Wash. Sch. Dist. v. Retos* (Pa. Cmwlth. No. 2376 C.D. 2012, filed Mar. 5, 2014), slip op. at 2 n.3 (emphasis added).[9]

Section 314(a) of the RETSL provides:

Any claim for taxes may, prior to the time it becomes absolute, be set aside or reduced in amount by the [B]ureau with which it is filed if the claim is found invalid in whole, or in part, by reason of the fact that the taxes for which the claim was entered were paid in whole, or in part, to a proper officer or agent of the taxing district, or is found invalid, in whole or in part, for any other reason not involving a question which could have been raised by an appeal provided for by law.

Any such claim prior to the time it becomes absolute may be set aside or reduced in amount by the court of common pleas on appeal, as hereinafter provided, for any reason which constitutes a just, sufficient[,] and valid defense to the claim in whole, or in part, **except** want of notice of the

---

[9] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

return and entry of the claim by the [B]ureau, or for any dispute in the amount of the claim which involves the amount of the assessed valuation of the property or **the validity of the tax levied**.

72 P.S. § 5860.314(a) (emphasis added).  Because Appellant's claim pursuant to the RETSL that the system of school taxation is unconstitutional under the Uniformity Clause of the Pennsylvania Constitution is a challenge "to the validity of the tax levied" by the District on Appellant's Property, *id*., the trial court properly rejected that claim.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| County of Delaware Tax<br>Claim Bureau | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| L. Paul Dieffenbach, Jr. and<br>Rose Tree Media School District | : | |
| | : | |
| | : | No. 94 C.D. 2025 |
| Appeal of: L. Paul Dieffenbach, Jr. | : | |

O R D E R

AND NOW, this 10th day of June, 2026, the Delaware County Common Pleas Court's December 26, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge